IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

FirstEnergy Corp.,                                                    Case No.  3:11CV634

       Plaintiff

       v.                                                         **ORDER**

Morgan Waldron Insurance Management LLC, et al.,

       Defendants

       This is a suit by an employer (First Energy Corp.) against a health benefits claims processing entity (Morgan Waldron Insurance Management) and its principals, Beverly Morgan and James F. Waldron. Following plaintiff's filing of a motion for a prejudgment order of attachment and a status conference, and on the basis of agreement between all parties except James F. Waldron, I entered an agreed order broadly prohibiting expenditure or encumbrance of the defendant entity's assets without prior written approval of the plaintiff or this court. (Doc. 103). That order made an exception for "expenditures as necessary for the operation of [Morgan Waldron's] business and to pay legal expenses related to this action."

       A similar suit has been pending before the Hon. Benita Y. Pearson of this court. That suit arises out of similar circumstances and is against the same defendants (though it involves a different employee union representative than this case).

       In Judge Pearson's suit, First Energy likewise moved for prejudgment attachment. All defendants except Mr. Waldron agreed to entry of an order similar to the order which I entered.

Unlike what happened here, Judge Pearson also issued an injunction that included Mr. Waldron somewhat more broadly prohibiting expenditure or encumbrance of assets.

Thus, all defendants, including Mr. Waldron, are restrained from expending or encumbering assets of Morgan Waldron Insurance Management. Those are the same assets covered by my order, which does not run, though, against Mr. Waldron.

Thus, as to him, First Energy's original motion for prejudgment attachment remains pending.

Now pending is a motion by Mr. Waldron for an order approving proposed asset transaction. (Doc. 105). The gravamen of that motion is that funds accruing to Morgan Waldron from repayment by one of its debtors of a loan of $175,000 be escrowed. While neither First Energy nor the other defendants have taken a position *contra* to that request, each has submitted responses seeking to "clarify" the circumstances. (Docs. 106, 108).

First Energy points out that Judge Pearson's broader and more comprehensive order (which includes Mr. Waldon) does, in effect, what its motion here for prejudgment attachment sought. First Energy expresses concern, however, that Judge Pearson's order will expire if she or the parties resolve her case before this case comes to an end. Thus, First Energy asks me to enter an order "substantially identical" to Judge Pearson's order. (Doc. 106).

In response both to Mr. Waldron's motion and First Energy's response, the other defendants have filed a response in which they oppose entry of either an order or attachment or preliminary injunction. (Doc. 108). In other words, they are willing to abide by the agreed order I originally entered, but they object to being subjected prospectively to any greater restraint than that which is already in place.

On consideration, given the breadth and universal application of Judge Pearson's order, and the fact that it relates to the same assets that my original, somewhat narrower order relates to, I see no reason to do anything except deny Mr. Waldron's motion to have the anticipated (or, perhaps, already paid) funds place in escrow. That is not necessary, as those funds on receipt become subject to both Judge Pearson's and my orders.

I also see no reason, moreover, at this time to do anything to guard against the risk that Judge Pearson's case will be resolved before this case. While that might well happen, the fact remains that party with most at stake in both cases – First Energy – should be able, in the event that disposition of Judge Pearson's case is about to occur, to seek such relief from me as then appears necessary.[1]

It is, accordingly

ORDERED THAT motion of defendant James F. Waldron for approval of proposed asset transaction (Doc. 105) be, and the same hereby is denied.

So ordered.

/s/ James G.Carr
Sr. U.S. District Judge

---

[1] To that end, I suggest to First Energy that it request of Judge Pearson that, if she is about to issue a dispositive order, she stay the effect of that order (*i.e.*, refrain from entering judgment thereon) until such time as First Energy can seek from me such relief as it anticipates may be needed.